UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CHRISTOPHER EARL PEEK, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-3125 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| CLEAR SKY FINANCIAL, LLC, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Christopher Earl Peek sued Defendant Clear Sky Financial, LLC ahead of a pending non-judicial foreclosure sale of a property owned by Peek, LLC. Plaintiff,[1] proceeding *pro se*, alleges various violations of federal and local consumer protection laws, as well as the District of Columbia Tenants Opportunity to Purchase Act. *See generally* Compl., ECF No. 1. A factual background can be found in the Court's prior memorandum opinion, which the Court adopts here. *See* Mem. Op., ECF No. 13; *Peek v. Clear Sky Fin., LLC*, No. 24-cv-3125, 2024 WL 4932059, at *1–2 (D.D.C. Dec. 2, 2024). In that prior opinion, the Court denied Plaintiff's motion for a temporary restraining order, finding that he had no likelihood of success in establishing that he has standing to bring his claims or that the consumer protection laws apply to the commercial loan at issue. The Court delayed resolution of Clear Sky's motion to dismiss to provide Plaintiff time to respond to that motion. *See* Mem. Op. at 1 n.2. The Court initially provided Plaintiff 30 days to respond to the motion to dismiss, later extending the deadline a further two weeks. *See* Fox/Neal Order, ECF No. 7; Min. Order dated Dec. 17, 2024. Plaintiff

---

[1] The Court refers to Mr. Peek as "Plaintiff" to avoid confusion with the LLC.

never filed a formal opposition to the motion to dismiss, such that the motion could be considered conceded. *See* D.D.C. Civ. R. 7(b). The Court nonetheless construes one of Plaintiff's filings as an opposition here. *See* Mot. for Leave to Reply to Def.'s Mot. Dismiss and Amend Pl.'s Compl. ("Pl.'s Opp'n"), ECF No. 11. That filing, however, contains no argument as to why Plaintiff has standing to bring his claims on behalf of the LLC. *See id.* at 2–6.

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action or claim when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Federal courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, on a Rule 12(b)(1) motion, the plaintiff "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 91 (D.D.C. 2020); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "It is well-settled that [a court] may consider materials outside the pleadings to determine [its] jurisdiction." *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021).

"The D.C. Circuit has instructed that a motion to dismiss for lack of standing constitutes a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure because 'the defect of standing is a defect in subject matter jurisdiction.'" *Sweigert v. Perez*, 334 F. Supp. 3d 36, 40 (D.D.C 2018) (quoting *Haase*, 835 F.2d at 906). "To establish standing, a plaintiff must show (1) it has suffered a 'concrete and particularized' injury (2) that is 'fairly traceable to the challenged action of the defendant' and (3) that is 'likely' to be 'redressed by a favorable decision,' i.e., a decision granting the plaintiff the relief it seeks." *Elec. Priv. Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 376–77 (D.C. Cir. 2017)

(quoting *West v. Lynch*, 845 F.3d 1228, 1230 (D.C. Cir. 2017)).  The asserted injury must be specific to the plaintiff, such that the plaintiff has "a personal stake in the outcome of the controversy."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Lujan*, 504 U.S. at 560 n.1 (1992) (noting that a defendant's alleged conduct must affect the plaintiff in a "personal and individual way").

For the reasons explained in its prior memorandum opinion, the Court concludes that Plaintiff lacks standing to bring a claim on behalf of Peek, LLC, which is a legal entity separate from himself.  *See* Mem. Op. at 7–11.  The evidence submitted by Clear Sky demonstrates that Peek, LLC owns the relevant property; that Peek, LLC executed the commercial deed of trust with Clear Sky; and that Plaintiff signed the documents for Peek, LLC in his capacity as Chief Executive Member of the company.[2]  *Id.* at 2.  The evidence does not indicate that Plaintiff was coerced or otherwise misled in transferring the property to Peek, LLC or signing the commercial loan.  *See id.* at 9–11.  Peek, LLC is therefore the legal entity that could claim an injury arising out of the commercial deed of trust and associated loan.  *See id.* at 8–9.  Plaintiff lacks standing to bring these claims on his own behalf, and he does not allege injury to himself separate from that affecting Peek, LLC.  *See id.*

Peek, LLC is not before the Court, given that it is not represented by counsel.  The LLC is a creation of Delaware law with a legal identity separate from Plaintiff's.  *See id.* at 7.  "Courts in this Circuit have repeatedly held that LLCs are not properly before the court unless represented by counsel."  *Id.* (collecting cases).  Thus, no plaintiff in this case has standing to allege that Clear Sky violated consumer protection laws in its dealings with Peek, LLC.  The

---

[2] Plaintiff asserts that he never "sold his home to his Peek, LLC."  Pl.'s Opp'n at 5.  This claim is plainly contradicted by the special warranty deed he recorded in December 2018.  *See* Ex. B to Def.'s Opp'n to Mot. for TRO and Mot. Dismiss, ECF No. 5-4.

Court therefore lacks jurisdiction over this case and cannot reach the merits of Plaintiff's claims.[3]

For these reasons, Clear Sky's Motion to Dismiss (ECF No. 5) is **GRANTED**.

**SO ORDERED**.

Dated: April 1, 2025                                                                          RUDOLPH CONTRERAS
                                                                                              United States District Judge

---

[3] Plaintiff argues that if the Court were to dismiss his complaint as a "shotgun pleading," he should be permitted to amend. *See* Pl.'s Opp'n at 3–4. The Court does not dismiss his complaint on that basis, but nonetheless denies any request to amend as futile because the record plainly demonstrates Plaintiff's lack of standing to bring these claims. *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996).